UNITED STATES of America, Appellee

v.

Aaron GEDDES, Appellant.

No. 06–3335.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 11, 2007.

Filed: Dec. 20, 2007.

---

George S. Leone, Office of United States Attorney, Newark, NJ, Glenn J. Moramarco, Office of United States Attorney Camden Federal Building & Courthouse, Camden, NJ, for Appellee.

John S. Furlong, Furlong & Krasny, West Trenton, NJ, for Appellant.

Before: SLOVITER, AMBRO, Circuit Judges, and RESTANI *, Judge.

## OPINION

RESTANI, Judge.

This appeal challenges a sentence imposed after remand to apply the United States Sentencing Guidelines in an advisory manner as required by *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Defendant Aaron Geddes was found guilty of violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). In calculating the Guidelines range, the District Court imposed a four-level enhancement for using a firearm in connection with another felony. The District Court found that the facts necessary to the enhancement were established by a preponderance of the evidence.

Geddes' sole argument on appeal is that due process requires that if a separate crime is the basis for a sentencing enhancement, the elements of that crime must be found by the trier of fact beyond a reasonable doubt. Sitting *en banc*, we recently rejected this argument, *see United States v. Grier*, 475 F.3d 556 (3d Cir.2007), and held that sentencing enhancements, whether constituting a separate offense or not, do not implicate rights to a jury trial

---

* Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

1. Judge Sloviter agrees that *Grier* represents the law of the Circuit. Nonetheless, she believes that Geddes' argument represents the

---

or proof beyond a reasonable doubt.[1]  *Id.* at 567.

Accordingly, we will affirm.

---

better view, as set forth in her dissent in *Grier*.

